UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASMINE SANCHEZ,<br><br>   Plaintiff,<br><br>v.<br><br>CRAIG DENNEY AND CARLA BALDWIN,<br><br>   Defendants. | Case No. 3:23-cv-00126<br><br>**REPORT AND RECOMMENDATION** |

Presently before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Civil Rights Complaint (ECF No.1-1).

**I.    *In Forma Pauperis* Application**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Therefore, Plaintiff's *in forma pauperis* application is GRANTED.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1

### III. Plaintiff's Complaint

Plaintiff's Complaint states she is suing Magistrate Judges Carla Baldwin and Craig Denney in their official capacities for judicial decisions made in their courts. ECF No. 1-1 at 3-5. Federal judges are absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*), *cert. denied*, 486 U.S. 1040 (1988).

### IV. Recommendation

Accordingly, because Plaintiff cannot state a claim upon which relief may be granted, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice and her application to proceed *in forma pauperis* (ECF No. 1) be denied as moot.

DATED this 23rd day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).